IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2197-FL

| | | |
|---|---|---|
| MARLON D. BEARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STEPHANIE HOLLEMBAEK, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on respondent's fully briefed motion to dismiss (DE 14). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion to dismiss.

## STATEMENT OF CASE

On August 9, 2016, petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's habeas petition challenges his disciplinary conviction for possession of a portable phone on the grounds that it violates the Due Process Clause of the Fifth Amendment to the United States Constitution. Specifically, petitioner alleges: (1) the incident report failed to comply with Bureau of Prisons's ("BOP") regulations because it failed to list all the facts, the persons at the scene, and did not "detail" all the evidence; (2) the incident report was not issued to petitioner within twenty-four hours of the incident as required by BOP policy, and his DHO hearing occurred after the time period prescribed by BOP regulations; (3) corrections officers failed to "establish ownership" of the phone by following the procedures set forth in the BOP policy manual; and (4) the Discipline Hearing Officer's ("DHO") finding that petitioner possessed a portable phone was not support by sufficient evidence. (Pet. (DE 1) at 7-8).

On August 10, 2017, respondent filed a motion to dismiss arguing that petitioner's disciplinary conviction does not violate the due process clause, and that petitioner is not entitled to relief. Petitioner responded.

## STATEMENT OF FACTS

Petitioner, a federal inmate, was housed at the Federal Correctional Institution located in Morgantown, West Virginia ("FCI-Morgantown") at the time he received the disciplinary conviction at issue in this action.[1] (Pet. Ex. E (DE 1-1) at 25). On April 4, 2015, prison officials charged petitioner with the disciplinary offense of possessing a portable phone (BOP Code 108). (Id.) Petitioner was provided a copy of the incident report on April 9, 2015. (Id.) On April 11, 2015, the Unit Discipline Committee reviewed petitioner's incident report and referred the charge to FCI Morgantown's DHO for a hearing. (Id.) That same day, corrections officers provided petitioner with a "Notice of Discipline Hearing" form, which provided notice of the hearing and advised petitioner of his rights to call witnesses and have a staff representative at the hearing. (Pet. Ex. M (DE 1-1) at 39). Petitioner declined staff assistance and declined to identify any witnesses. (Id.) Petitioner signed the Notice of Discipline Hearing on April 11, 2015, acknowledging that he received notice of the hearing. (Id.)

Petitioner's disciplinary hearing was held on April 21, 2015. (Pet. Ex. G (DE 1-1) at 27). After reviewing the evidence, the DHO determined petitioner committed the offense of possessing a portable phone. (Id. at 28). The DHO based his finding on the incident report and petitioner's own inconsistent statements during the hearing about his knowledge of the phone. (Id. at 28-29). The DHO considered petitioner's claim that the phone belonged to his cell mate, but rejected the

---

[1]Petitioner filed his habeas petition in this court because he is currently incarcerated at the Federal Correctional Complex located in Butner, N.C.

2

claim as not credible. (Id. at 29). Instead, the DHO credited the reporting officer's conclusion that because the phone was found in petitioner's assigned cell, the phone likely was used by both petitioner and his cell mate. (Id.) The DHO hearing record included the following summary:

> To make this finding, the DHO relies on the reporting officer's description of the incident as reported in section 11 of the incident report as follows:
>
> "On April 4th, 2015, at approximately 0850 hrs, I began a search of the living quarters T04-023 in Bates Unit assigned to [petitioner]. During my search I recovered a phone charger wrapped in a food service glove under the mattress of the bottom bunk, and in an eye glasses case attached to the bottom of the top bunk by a magnet I recovered (1) black, LG touch screen cell phone."
>
> The DHO considered [petitioner's] initial defense which he raised at the hearing. Regarding the search of his assigned cell, [petitioner] stated, "I had no idea what was going on. They were searching the cell, and I was asleep in the top bunk. I had nothing to do with anything [sic] with whatever Hamad had. I figured the [corrections officers] had what they wanted. I have never seen a cell phone or charger in our cell." The DHO also considered [petitioner's] further denials where he indicated he was absolutely unaware of the existence of any portable telephone concealed within the cell he shared with Hamad. [Petitioner] stated, "if he did have one – and I lived with Hamad for seven months – he never showed me a cell phone."
>
> Furthermore, the DHO considered [petitioner's] sudden change in his preliminary narrative when he admitted he had been fully aware of the portable telephone in use in his assigned cell. [Petitioner]'s recollection of the prohibited device was suddenly crystal clear and in high definition. [Petitioner] stated, "I told Hamad, '[w]hatever you do, it's on you.' One day recently, I came into the cell, and he was speaking on the phone. I didn't stay and left immediately. I figured it was on him. In all honestly, Hamad was supposed to say the phone belonged to him and no one else."
>
> [Petitioner's] next defense is his intimation that the portable telephone was completely in the possession by [sic] Hamad and Hamad only. [Petitioner] stated, "Yes, I was aware Hamad had a phone, but I never touched it." The DHO gave little weight to this

3

> defense because [petitioner] quickly vacillated between having absolutely no knowledge of the portable telephone to being somewhat complicit in the knowledge of its existence. [Petitioner]'s secondary decision to reveal his knowledge of the device, while disavowing any connection to its illegal use, allows [petitioner] to distance himself from the contraband discovered in his cell. Additionally, the DHO considers [petitioner] has a powerful motive for denying the charge as a means to evade responsibility for his act.
>
> Furthermore, [petitioner] has a motive for not telling the truth and, therefore, the DHO gives little weight to [petitioner's] defense that the portable telephone did not belong to him, but was [in] the sole possession and was under the sole operation of Hamad. Ultimately, [petitioner]'s denial of responsibility must be weighed against the reporting officer's description of the incident. Furthermore, [petitioner] has not offered any reliable evidence refuting the officer's statements that the prohibited device was found in their assigned cell, and in all probability, the portable telephone was in mutual utilization by both [petitioner] and Hamad. Therefore, the DHO gives greater weight to the reporting officer's description of the incident and finds [petitioner] committed the prohibited act of [possession of a portable telephone].

(Id. at 28-29). As a result of the DHO's findings, petitioner was sanctioned with the following: (1) forty-one days loss of good-time credit; (2) forty-five days disciplinary segregation, and sixty days disciplinary segregation suspended pending clear conduct from April 21, 2015 to June 19, 2015; (3) ninety days email restriction; (4) ninety days telephone restriction; and (5) sixty days commissary restriction. (Id. at 29). On May 8, 2015, petitioner was notified of his appellate rights and received written notice of the DHO report. (Id. at 30).

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

4

Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). When evaluating a motion to dismiss, the court can "consider documents that are explicitly incorporated into the complaint by reference, and those attached to the complaint as exhibits." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

B.  Analysis

Petitioner alleges that the instant disciplinary proceedings violated his rights pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution. The Supreme Court has mandated certain procedural safeguards when loss of statutory good-time credit is at issue. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Under the Wolff standard, an inmate is entitled to the following: (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564-66. Additionally, the findings of a prison disciplinary board must be supported by some evidence in the

record, Walpole v. Hill, 472 U.S. 445, 454-55 (1985), and be made by an impartial adjudicator. Wolff, 418 U.S. at 570-71. The court considers petitioner's due process claims in turn.

    1.      Procedural Due Process Claims

The documents attached to the petition demonstrate petitioner received: (1) written notice of the charges twenty-four hours in advance of the DHO hearing (see Pet. Ex. M (DE 1-1) at 39); (2) a written decision by the DHO hearing officer explaining the evidence relied on and the reasons for the disciplinary action (see Pet. Ex. G (DE 1-1) at 27-30); and (3) the opportunity to call witnesses and present documentary evidence in his defense (see Pet. Ex. M (DE 1-1) at 39). That is all the procedural due process that Wolff requires for a prison disciplinary hearing. See Wolff, 418 U.S. at 564-66.

Petitioner does not dispute that he received these due process protections. Instead, he asserts that the investigation and hearing failed to comply with various BOP policies and procedures. (See Pet. (DE 1) at 8). But even accepting petitioner's allegations as true, violations of BOP policy that do not implicate the baseline procedural safeguards mandated by Wolff are not cognizable habeas claims. Flanagan v. Shively, 783 F. Supp. 922, 931 (M.D. Pa. 1992) ("The Constitution does not require strict adherence to administrative regulations and guidelines. The Constitution requires only compliance with minimal federal due process standards."), aff'd, 980 F.2d 722 (3d Cir. 1992); Clark v. Mosley, No. 17-219, 2017 WL 5027347, at *3 (D.S.C. Oct. 30, 2017) ("[T]he writ of habeas corpus is not available to enforce prison-specific policy manuals."). As set forth above, petitioner received all the due process protections to which he is entitled under the Constitution. See Wolff, 418 U.S. 564-66. Thus, petitioner's challenges to the procedures involved in the investigation and hearing are not viable habeas claims.

2.  Sufficiency of the Evidence

Petitioner contends that his disciplinary convictions were not supported by sufficient evidence because the phone was found in a cell petitioner shared with another inmate and the DHO officer refused to credit petitioner's claim that the phone belonged to his cell mate. Petitioner notes that his cell mate submitted a written statement during his administrative appeal confirming the phone belonged to him and stating that petitioner never used the phone.

Decisions by a disciplinary board to revoke good-time credits pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Walpole, 472 U.S. at 455. Federal courts will not review the accuracy of the disciplinary hearing officer's fact finding de novo or for clear error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [disciplinary hearing officer]." Id. (quotation omitted).

The record contains sufficient evidence to comply with the Due Process Clause. The DHO found that petitioner did not offer any reliable evidence refuting the investigating officer's finding that because the phone was found in petitioner's (shared) cell, it was reasonable to assume that petitioner and his cell mate possessed the phone. (See Pet. Ex. G (DE 1-1) at 29). The DHO thus relied on the constructive possession doctrine, which provides: "[a] person may have constructive possession of contraband if he has ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed." United States v. Herder, 594 F.3d 352, 358 (4th Cir. 2010) (emphasis added). Constructive possession also "requires proof the defendant had knowledge of the presence of the contraband." Id. Here, petitioner admitted at the hearing that

7

he knew the contraband was in his cell. (See Pet. Ex. G (DE 1-1) at 29). And he clearly had "control over the premises" where the contraband was found, because it was found in his own cell.

Rejecting a claim virtually identical to the one petitioner presents here, the United States Court of Appeals for the Fourth Circuit has held that where contraband "was discovered in a cell that was the 'exclusive domain'[2] of [two inmates], the constructive possession rule provides the necessary 'some evidence' sufficient to sustain [either of the inmates'] disciplinary conviction." McClung v. Hollingsworth, No. 06-6699, 2007 WL 1225946, at *3 (4th Cir. Apr. 26, 2007). Thus, the fact that the phone was found in petitioner's cell is sufficient evidence standing alone to satisfy Walpole's "some evidence" standard. See id. Moreover, the DHO determined that petitioner's denials that he used the phone were not credible based on petitioner's inconsistent statements at the hearing about whether he knew his cell mate had an illicit phone.

Petitioner stresses that his cell mate signed a written statement providing that petitioner did not know about the phone. As an initial matter, it does not appear that petitioner presented this written statement to the DHO hearing officer. But even assuming it was, the DHO's constructive possession determination satisfies the Walpole "some evidence" standard even where the petitioner's cell mate claims that he the was only person that knew about the contraband. See Flannagan, 368 F. App'x at 588 n.5 (cell mate's confession to placing contraband in the cell common area "would

---

[2]Petitioner does not allege that his cell was accessible by numerous other inmates, which can be sufficient to state a due process claim when the DHO relied solely on the constructive possession rule. See McClung v. Shearin, 90 F. App'x 444, 446 (4th Cir. 2004) (holding that where numerous inmates had access to a cell, DHO may not rely on constructive possession rule as sole evidence to support disciplinary conviction). Moreover, no evidence regarding other inmates' access to petitioner's cell was presented to the DHO or during petitioner's administrative appeals, so even if the petitioner had alleged that his cell was accessible by numerous inmates, he still would not have stated a claim. See Flannagan v. Tamez, 368 F. App'x 586, 588 n.5 (5th Cir. 2010) (the court may only consider evidence presented to the DHO when considering whether some evidence supported the determination); McClung, 90 F. App'x at 446 (reversing grant of summary judgment in constructive possession case where petitioner claimed throughout his disciplinary proceedings that his cell was accessible by numerous inmates).

8

not preclude the DHO's finding of constructive possession"); Miskovsky v. Franklin, 285 F. App'x 570, 571 (10th Cir. 2008) (finding "some evidence" supported disciplinary conviction based on constructive possession rule, despite cell mate's confession that contraband items belonged to him); Giles v. Hanks, 72 F. App'x 432, 433–34 (7th Cir. 2003) (upholding disciplinary conviction based on constructive possession rule where cell mate claimed sole responsibility for contraband items).

Petitioner's disciplinary conviction was supported by "some evidence" in the record, and petitioner received the procedural due process protections mandated by Wolff. Accordingly, petitioner has not alleged a viable due process claim, and respondents' motion to dismiss is GRANTED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 14) is GRANTED. A certificate of appealability is DENIED. See 28 U.S.C. § 2253. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of March, 2018.

LOUISE W. FLANAGAN
United States District Judge